<u>NOT FOR PUBLICATION</u>  [Docket No. 6]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE, VACATION, and APPRENTICE FUNDS and PATRICK J. BRENNAN and CLEMENT SOMMERS, as Trustees and Fiduciaries for DISTRICT COUNCIL 711 HEALTH & WELFARE, VACATION and APPRENTICE FUNDS,<br><br>Plaintiffs,<br><br>v.<br><br>INTEGRITY CONSTRUCTION & CONSTRUCTION MANAGEMENT, INC. and DANIEL LABADOR,<br><br>Defendant. | Civil No. 06-2645(RMB)<br><br>**OPINION** |

APPEARANCES:

Mark E. Belland and Brett I. Last
O'Brien, Belland & Bushinsky, LLC
The Executive Plaza
2111 New Road, Suite 101
Northfield, New Jersey 08225
    Attorneys for Plaintiffs

**BUMB**, United States District Judge:

    This matter comes before the Court upon a motion by Plaintiffs, International Union of Painters and Allied Trades District Council 711 Health & Welfare, Vacation, and Apprentice Funds and Patrick J. Brennan and Clement Sommers as Trustees and

1

Fiduciaries, (hereinafter "Plaintiffs") for the entry of a default judgment in the above-captioned action against Integrity Construction & Construction Management, Inc. and Daniel Labador, ("Defendants").

I.   **Background:**[1]

Plaintiffs commenced the above-captioned matter against Defendants pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and Section 515 of ERISA, 29 U.S.C. § 1145. Plaintiffs assert that, pursuant to the Collective Bargaining Agreement, ("CBA"), in effect between the parties, that Defendants are required to make certain contributions to the Plaintiff Funds and remit certain payments to the Plaintiffs. (Pl.'s Comp. at ¶ 10).

Plaintiffs assert that Defendants have failed to remit required contributions to the Funds and have failed to cure the delinquencies despite notice of the same. (Id. at ¶ 12). Defendants were served a copy of the summons and complaint in this matter on June 13, 2006. [Docket No. 1]. Notice of Default was entered on November 8, 2006. Plaintiffs now move for the

---

[1] Because Defendants have not appeared in this action, the underlying facts are taken from Plaintiffs' Complaint.

entry of a default judgment against both Integrity Construction and Daniel Labador, as the company's alter ego, in the aggregate amount of $43,311.57, consisting of a principal amount of $28,555.74, plus liquidated damages at 20% on delinquent contributions of $5,711.15, and prejudgment interest on delinquent contributions calculated at 11% per annum in the amount of $9,044.68.[2]

As of the date of this Opinion and accompanying Order, Defendants have not appeared in this action or otherwise responded to the above-captioned Complaint or Plaintiffs' motion for default judgment.

**II. Standard for Default Judgment:**

Federal Rule of Civil Procedure 55 governs the entry of a default judgment. Before a default judgment may be entered pursuant to Rule 55(b), a party must have the clerk of the Court enter a default pursuant to 55(a). De Tore v. Jersey City Public Employees Union, 511 F. Supp. 171, 176 (D.N.J. 1981). Courts are authorized to enter a default judgment against a defendant who is properly served but who fails to file a timely responsive

---

[2] Plaintiffs originally requested $40,123.00 in delinquent contributions. This Court requested supplemental submissions because the demand was not clearly supported by Plaintiffs' submitted remittance reports. In their supplemental request - Plaintiffs' demand for contributions and liquidated damages was reduced to the above-cited number. Their demand for interest remained the same. [Docket No. 7].

3

pleading pursuant to Federal Rule of Civil Procedure 55(b)(2). Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F. 2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear. . ., the district court or its clerk is authorized to enter a default judgment solely on the fact that the default has occurred.").

Even if a party has properly followed the requirements of Rule 55, they are not entitled to a default judgment as of right, instead, the entry of such a judgment is left to the sound discretion of the Court. Hritz v. Woma Corp. 732 F.2d 1178, 1180 (3d Cir. 1984). The Third Circuit has stated that "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." Id. at 1180-81 (citations omitted).

In evaluating a motion for a default judgment, a court must consider three factors: 1) whether a plaintiff will be prejudiced if default is not granted, 2) whether defendant has a meritorious defense, and 3) whether defendant's delay is the result of culpable misconduct. Carpenters Health & Welfare Fund v. Naglak Design, 1995 U.S. Dist. LEXIS 566, 1995 WL 20848 *2 (E.D. Pa. 1995) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987)).

While a court should accept well-pled factual allegations of the complaint, it need not accept the movant's legal conclusions or factual allegations regarding the amount of damages. Comdyne

4

I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, 2006 U.S. Dist. LEXIS 14027, 2006 WL 680533 (D.N.J. 2006) (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed. 1998)).  The Court must conduct its own inquiry "in order to ascertain the amount of damages with reasonable certainty." In re Industrial Diamonds, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) (citing Credit Lyonnais Securities (USA), Inc. v. Alcantara et al., 183 F.3d 151, 155 (2d Cir. 1999).

**Discussion:**

Section 515 of ERISA states, in pertinent part, that "every Employer who is obligated to make contributions to a multiemployer plan...under the terms of a collectively bargained agreement shall... make such contributions in accordance with...such agreement.  29 U.S.C. § 1145.  ERISA section 502(a) permits a plan fiduciary to sue an employer who fails to make the required contributions.  29 U.S.C. § 1132(a).  If a court enters judgment in favor of the plan fiduciary, ERISA section 502(g)(2) requires the court to award (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorneys' fees and costs; and (5) other relief the court deems appropriate.  29 U.S.C. § 1132(g)(2).

According to Plaintiffs, the parties in the above-captioned

matter are parties to a Collective Bargaining Agreement ("CBA"). (Pl.'s Comp. at ¶ 10).  Plaintiffs have provided this Court with a copy of portions of the CBA and remittance reports evidencing the contributions owed;  Defendants' default constitutes an admission of the allegations in the Complaint.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Taking the allegations as true, this Court must assume that the corporate veil must be pierced such that default judgment should be entered against Labador in addition to Integrity Construction because Plaintiffs have alleged in their Complaint that Labador "used to corporation as an alter ego" who "did not abide by corporate formalities" and "misused the diefendant corporation to advance his own interests."  (Pl.'s Comp. at ¶¶ 19-21).  In light of these allegations, the Court will pierce the corporate veil and hold Labador liable for the delinquent contributions.  See Bohlen v. Tilden and Tilden, 2007 U.S. Dist. LEXIS 12413 (N.D. IN. Feb. 20, 2007)(piercing the corporate veil to hold individual liable under similar circumstances).

In the instant matter, Defendants have not filed any responsive pleading indicating why default judgment should not be entered in Plaintiffs' favor.  Thus, the Court is "not in a position to determine whether [Defendants have] any meritorious defense or whether any delay is the result of culpable misconduct."  Carpenters Health and Welfare Fund v. Naglack Design, 1995 U.S. Dist. LEXIS 566 at *7 (E.D. Pa. Jan 18, 1995).

The only issue then, is whether the Plaintiffs will be prejudiced if a default judgment is denied.  Because delinquent contributions can negatively impact the Plaintiffs' ability to pay their beneficiaries - Plaintiffs would be prejudiced if default judgment was not entered in their favor.  See <u>Carpenters Health and Welfare Fund v. Bold and Clauss Construction, Inc.</u>, 2006 U.S. Dist. LEXIS 12802 at * 7-8 (E.D. Pa. Mar. 24, 2006).

Accordingly, entry of default judgment is appropriate and Defendants will be ordered to pay Plaintiffs in the amount of $40,704.13, representing $28,555.74 in delinquent contributions, $5,711.15 in liquidated damages and $6,437.24 in interest.[3]

An accompanying Order shall issue this date.


Dated: <u>March 9, 2007</u>                    s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              United States District Judge

---

[3] Despite the supplemental submissions, this Court is still not satisfied that the interest request is well-supported, in light of the fact that Plaintiffs state that they received payment for the "New Jersey Veterans Home in Vineland" job - but do not indicate when said payment was received.  Therefore, this Court will not award interest for the entire duration on the full amount as requested - but will instead award interest on the contributions adequately demonstrated to be unpaid ($28,555.74 as discussed above) in the amount of $6,437.24.

7